IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SUPER INTERCONNECT TECHNOLOGIES LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 19-169 (CFC) |
| HP INC., | ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS THE
COMPLAINT UNDER FED. R. CIV. P. 12(b)(6)**

OF COUNSEL:

Daniel J. Goettle
BAKER & HOSTETLER LLP
2929 Arch Street
Cira Centre, 12th Floor
Philadelphia, PA  19104
(215) 568-3100

Cory C. Davis
Theresa M. Weisenberger
BAKER & HOSTETLER LLP
1170 Peachtree Street, Suite 2400
Atlanta, GA  30309
(404) 459-0050

Jennifer M. Kurcz
BAKER & HOSTETLER LLP
191 North Wacker Drive, Suite 3100
Chicago, IL  60606
(312) 416-6200

April 4, 2019

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
jying@mnat.com

*Attorneys for Defendant HP Inc.*

# TABLE OF CONTENTS

I.      **INTRODUCTION AND SUMMARY OF THE ARGUMENT** ..................................... 1

II.     **NATURE AND STAGE OF THE CASE** ................................................................... 2

III.    **FACTUAL BACKGROUND: THE COMPLAINT** ..................................................... 3

IV.    **LEGAL STANDARD** ............................................................................................ 5

      A.     Pleading Direct Infringement .................................................................. 6

      B.     Pleading Indirect Infringement .............................................................. 7

V.     **ARGUMENT** ......................................................................................................... 8

      A.     The Court should dismiss the direct infringement allegations ................................. 8

            1.     The complaint fails to plausibly allege that the accused product implements any aspects of the cited internet article or referenced industry standards. ....................................................................... 8

            2.     The complaint fails to provide facts showing that the cited internet article or referenced industry standards disclose, let alone require, practicing any claim limitation of the asserted patents. ............................ 11

      B.     The Court should dismiss each indirect infringement allegation .......................... 15

            1.     The complaint fails to plausibly plead direct infringement and therefore the indirect infringement claims should be dismissed ................ 15

            2.     The inducement allegations should be dismissed because the complaint fails to allege facts as to pre-suit knowledge of any asserted patent or third-party direct infringement .................................................... 16

            3.     The contributory-infringement allegations should be dismissed because the complaint fails to plausibly allege the elements for contributory infringement. ....................................................................... 17

VI.    **CONCLUSION** .................................................................................................. 17

## TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

*Aro Mfg. Co. v. Convertible Top Replacement Co.*,
  377 U.S. 476 (1964)................................................................................................16

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)............................................................................................5, 17

*Bell Atlantic Corp. v. Twombly*.
  550 U.S. 544 (2007) ....................................................................................... *passim*

*Commil USA, LLC v. Cisco Sys., Inc.*,
  135 S. Ct. 1920 (2015)...........................................................................7, 15, 16, 17

*Conley v. Gibson*,
  355 U.S. 41 (1957)................................................................................................15

*DSU Med. Corp. v. JMS Co. Ltd.*,
  471 F.3d 1293 (Fed. Cir. 2006)...............................................................................7

*Fujitsu Ltd. v. LG Elecs, Inc.*,
  620 F.3d 1321 (Fed. Cir. 2010)......................................................................7, 9, 15

*Global-Tech Appliances, Inc. v. SEB S.A.*,
  563 U.S. 754 (2011)................................................................................................7

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
  681 F.3d 1323 (Fed. Cir. 2012).................................................................7, 8, 16, 17

*Modern Telecom Sys, LLC v. TCL Corp.*,
  No. 17-583-LPS-CJB, 2017 WL 6524526 (D. Del. Dec. 21, 2017)................................11, 15

*MONEC Holding AG v. Motorola Mobility, Inc.*,
  897 F. Supp. 2d 225 (D. Del. 2012)......................................................................16

*N. Star Innovations, Inc. v. Micron Tech., Inc.*,
  No. 17-506-LPS-CJB, 2017 WL 5501489 (D. Del. Nov. 16, 2017) .............................6, 8, 12

*Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*,
  No. 13-2052-LPS, 2014 WL 4675316 (D. Del. Sept. 19, 2014) ...........................................16

*Network Managing Solutions, LLC v. AT&T Inc.*,
  No. 16-295 (RGA), 2017 WL 472080 (D. Del. Feb. 3, 2017)............................................6, 11

*Realtime Adaptive Streaming, LLC v. Haivision Network Video, Inc.*,
  No. 17-cv-1520-CFC-SRF, 2018 WL 6532925 (D. Del. Dec. 12, 2018)...........................6, 11

*Realtime Adaptive Streaming LLC v. Netflix, Inc.*,
   No. 17-1692-CFC-SRF, 2018 WL 6521978 (D. Del. Dec. 12, 2018) ......................................6

*SIPCO, LLC v. Streetline, Inc.*,
   No. 16-830-RGA, 2017 WL 10795601 (D. Del. June 21, 2017)................................6

*Stragent LLC v. BMW of N. Am., LLC*,
   No. 6:16-cv-446-RWS-KNM, 2017 WL 2821697 (E.D. Tex. Mar. 3, 2017) ..........................6

**Statutes**

35 U.S.C. § 271(a) ................................................................................................6

35 U.S.C. § 271(c) ................................................................................................5

**Rules**

Fed. R. Civ. P. 8(a)(2)..........................................................................................5

Fed. R. Civ. P. 12(b)(6)................................................................................2, 4, 5, 17

## I.    INTRODUCTION AND SUMMARY OF THE ARGUMENT

The Court should dismiss this case in its entirety for failing to state any claim upon which relief can be granted.  Each of the three counts of the complaint fail to satisfy the plausibility-pleading standard that the Supreme Court articulated in *Bell Atlantic Corp. v. Twombly*. 550 U.S. 544 (2007).

For the direct infringement claims, each count appears to allege infringement based not on a comparison of the asserted claims to any HP product, but instead based on a comparison of the asserted claims with a third-party article found somewhere on the internet and with two alleged industry standards the complaint refers to as the "UFS specification" and the "MIPI M-PHY protocol."  Although infringement may be properly alleged based on a comparison of patent claims to mandatory provisions of an industry standard, the complaint fails to plausibly plead facts necessary to connect the dots.

For example, the complaint nowhere alleges facts demonstrating that the accused HP product implements any alleged teachings of the third-party internet article or either alleged standard, or that such implementation necessarily would result in infringement.  Indeed, aside from providing shorthand descriptions of purported industry standards (*i.e.*, "UFS specification" and "MIPI M-PHY protocol"), the complaint provides no reference to where these specifications are, what they contain, who publishes them, what specific versions and provisions of these standards encompass any patent claim, or whether the accused HP product in fact implements either standard.  Based on the failure to plausibly plead facts that connect the dots between the accused HP product, the internet article, the alleged standards, and the asserted claims, the direct infringement counts fail to cross the plausibility threshold under *Twombly* and should be dismissed.

Furthermore, although the complaint recites some claim limitations from certain claims for each asserted patent, the complaint fails to provide any plausible facts demonstrating that the alleged industry standards, the accused HP product, or even the cited article encompasses or implements any of those claim limitations. Even assuming *arguendo* that the plaintiff had provided plausible facts for the recited claim limitations, the complaint still would be deficient because the allegations wholly ignore other limitations within the same cited claims, therefore failing to plausibly plead infringement.

Plaintiff's other infringement allegations are similarly flawed. Without a plausible pleading of direct infringement, there can be no plausible pleading of indirect infringement. For inducement, the complaint further fails to allege knowledge of the patent and any third-party infringement. And the complaint wholly ignores the elements of contributory infringement and therefore fails to plead any plausible facts required to sustain such a claim.

For the reasons provided, this Court should dismiss the complaint in its entirety under Rule 12(b)(6).

## II.    NATURE AND STAGE OF THE CASE

On January 29, 2019, plaintiff Super Interconnect Technologies, LLC ("Plaintiff") filed this action against defendant HP, Inc. ("HP") asserting infringement of U.S. Patent Nos. 7,627,044 ("the '044 patent"); 6,463,092 ("the '092 patent"); and 7,158,593 ("the '593 patent"). D.I. 1.

Pursuant to Fed. R. Civ. P. 12(b)(6), HP has moved to dismiss the complaint for failure to state a claim upon which relief may be granted. This is HP's opening brief in support of its motion.

### III.    FACTUAL BACKGROUND: THE COMPLAINT

Counts I through III allege that HP "directly and/or indirectly infringe[s] (by inducing infringement and/or contributing to infringement) one or more claims" of each asserted patent. D.I. 1 ¶¶ 12, 27, 42.   But each infringement count offers only conclusory, incomplete, and muddled allegations.

The complaint alleges that HP "uses the MIPI M-PHY protocol for physical layer communication between the UFS host and the UFS device."  *Id.* ¶¶ 16, 31, 46.  But the only support the complaint cites for this allegation is an excerpt from some online HP marketing materials identifying the accused HP product as having "128 GB UFS storage," *id.* ¶¶ 15, 30, 45, and a third-party internet article that purportedly characterizes "UFS v.1.1" and provides a supposed example of a UFS implementation using the "M-PHY protocol," *id.* ¶¶ 16, 31, 46 (citing Arasan Chip Systems Inc., "Universal Flash Storage: Mobilize Your Data" (Oct. 2012)). And yet nowhere do the cited portions of the article state either that the accused HP product uses the same "UFS" or "M-PHY protocol" referenced in the article, or even that "UFS devices" must use the "M-PHY protocol."

All three infringement counts rely on the same two vague snippets from the article, with highlighting presumably added by the plaintiff:



*Id.* ¶¶ 16, 31, 46.

In each count, these excerpts are followed by conclusory paragraphs stating that "UFS hosts and devices" implement the claimed technology. *Id.* ¶¶ 17, 32, 47. The conclusory paragraphs purport to include claim language from representative claims of each of the three asserted patents, but do not include all limitations of any claim. *Id.* And in none of these conclusory paragraphs is there any explanation matching up claim language to any article snippet, much less any industry standard or the accused product itself. *Id.*

The complaint further includes allegations of both induced and contributory infringement. But as to induced infringement, the complaint alleges no plausible fact supporting its assertion that HP induces infringement by "third-party manufacturers, distributors, importers

and/or consumers that purchase or sell the [accused products]." *Id.* ¶¶ 21, 36, 51.  It also fails to allege pre-complaint knowledge of the patents.

The complaint's contributory infringement allegations are even less informative. Ignoring all of the elements required for contributory infringement, the complaint simply alleges that HP "indirectly infringe[s] (by inducing infringement and/or contributing to infringement) . . . by, among other things, making, have made, using, offering for sale, selling, and/or importing. . . ." *Compare id.* ¶¶ 12, 27, 42 *with* 35 U.S.C. § 271(c).

## IV.   LEGAL STANDARD

Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  To survive a motion under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," must be disregarded.  *Id.*  Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Courts in this District have reiterated this test for evaluating a motion under Rule 12(b)(6):

> When determining whether dismissal is appropriate, the court must take three steps.  First, the court must identify the elements of the claim. Second, the court must identify and reject conclusory allegations.  Third, the court should assume the veracity of the well-pleaded factual allegations identified under the first prong of the analysis, and determine whether they are sufficiently alleged to state a claim for relief.

*Realtime Adaptive Streaming LLC v. Netflix, Inc.*, No. 17-1692-CFC-SRF, 2018 WL 6521978, at *3 (D. Del. Dec. 12, 2018) (internal citations omitted).

### A.    Pleading Direct Infringement

To state a claim for direct infringement, a plaintiff must explicitly plead facts to plausibly support the assertion that the defendant "without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent." 35 U.S.C. § 271(a). This requires "facts that plausibly indicate that Defendant's accused products practice each of the limitations" of the asserted claims. *N. Star Innovations, Inc. v. Micron Tech., Inc.*, No. 17-506-LPS-CJB, 2017 WL 5501489, at *1 (D. Del. Nov. 16, 2017); *see SIPCO, LLC v. Streetline, Inc.*, No. 16-830-RGA, 2017 WL 10795601, at *2 (D. Del. June 21, 2017) ("There are numerous district court decisions that require, to plausibly state a claim for patent infringement, that the complaint relate its factual allegations to an asserted claim of the patent.").

For patent infringement allegations that depend upon compliance with a standard, the complaint "must connect either the accused products to the asserted claims or the [standard] to the asserted claims." *Realtime*, 2018 WL 6521978, at *16 (quoting *Stragent LLC v. BMW of N. Am., LLC*, No. 6:16-cv-446-RWS-KNM, 2017 WL 2821697, at *5 (E.D. Tex. Mar. 3, 2017)). An infringement claim based on a standard must do more than state "that the standards 'incorporate the fundamental technologies' covered by the patents." *Network Managing Solutions, LLC v. AT&T Inc.*, No. 16-295 (RGA), 2017 WL 472080, at *1 (D. Del. Feb. 3, 2017). A complaint "without more, is insufficient to plausibly allege that to practice the standard necessarily means that a defendant also practices the patent." *Id.*; *see Realtime Adaptive Streaming, LLC v. Haivision Network Video, Inc.*, No. 17-cv-1520-CFC-SRF, 2018 WL 6532925, at *11 (D. Del. Dec. 12, 2018) (explaining that compliance with a standard is

6

insufficient unless the relevant section of the standard is mandatory). For example, "in many instances, an industry standard does not provide the level of specificity required to establish that practicing that standard would always result in infringement," and in other instances "the relevant section of the standard is optional," so that compliance alone is insufficient to establish infringement. *Fujitsu Ltd. v. LG Elecs, Inc.*, 620 F.3d 1321, 1327-28 (Fed. Cir. 2010).

### B. Pleading Indirect Infringement

Proof of inducement requires (1) direct infringement by another; (2) actual knowledge of the patents-in-suit; (3) specific intent to cause the direct infringer to perform acts; and (4) knowledge that the induced acts constituted infringement. *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926-28 (2015); *DSU Med. Corp. v. JMS Co. Ltd.*, 471 F.3d 1293, 1305-06 (Fed. Cir. 2006). To survive a motion to dismiss, the complaint must contain "facts plausibly showing that [the defendant] specifically intended [a third party] to infringe . . . and knew that the [third party's] acts constituted infringement." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). "[I]nducement requires that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Id.* (quoting *DSU*, 471 F.3d at 1306).

Similarly, contributory infringement requires: (1) direct infringement by another; and (2) knowledge of the patent. *See Fujitsu*, 620 F.3d at 1326. Contributory infringement further requires: (3) that a component provided by the accused contributory infringer have no substantial non-infringing uses; (4) that the component be a material part of the invention; and (5) knowledge that "the combination for which [the] component was especially designed was both patented and infringing." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 763-64 (2011) (internal quotation marks omitted); *see also Fujitsu*, 620 F.3d at 1326; *Commil*, 135 S. Ct. at 1926 ("[C]ontributory infringement requires knowledge of the patent in suit and knowledge

of patent infringement."); *Transmission & Processing Sys. Patent Litig*, 681 F.3d at 1337 ("To state a claim for contributory infringement, therefore, a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses.").

## V.    ARGUMENT

### A.    The Court should dismiss the direct infringement allegations.

#### 1.    The complaint fails to plausibly allege that the accused product implements any aspects of the cited internet article or referenced industry standards.

The Court should dismiss the direct infringement allegations in the complaint because they rely on a comparison of the asserted claims to one or more of three documents—an internet article and two purported industry standards—and yet nowhere does the complaint allege any facts showing that the accused product implements, let alone <u>must</u> implement, what is disclosed in any of those documents.

Typically, as depicted in the following graphic, a complaint satisfies *Twombly* in the patent context by alleging plausible facts tending to show that each claim limitation of at least one asserted claim is found in the accused product.  *N. Star Innovations*, 2017 WL 5501489, at *1:



But in 2010, the U.S. Court of Appeals for the Federal Circuit approved an alternate means of proving infringement when an industry standard is involved.  In cases where an

accused product is alleged to be compliant with an industry standard, infringement can be proven by comparing the claims of the patent to mandatory provisions of the standard, as opposed to comparing the claims directly to the accused product. *Fujitsu Ltd.* 620 F.3d at 1327-28.



In this case, however, the complaint does not follow either of the above approaches. That is, the complaint does not allege infringement by comparing any asserted claim directly to the accused HP product. Nor does the complaint alleged infringement by comparing any asserted claim to mandatory provisions of an industry standard. Instead, the complaint repeatedly relies on two paragraphs purportedly from a third-party 2012 article, which in turn references two industry standards (the "UFS specification" and the "MIPI M-PHY protocol for physical layer communication"):



Specifically, for each of the three direct infringement counts, the complaint shows the picture depicted above on the right, which is an advertisement for the accused HP product. That advertisement says that the product includes "UFS storage." Each count then walks through the

same four steps in an attempt to allege direct infringement.  D.I. 1 ¶¶ 15-17 (Count I), 30-32 (Count II), 45-47 (Count III).:

1.   Each count, purporting to rely on the article, alleges that "UFS storage" referenced in HP's advertisement "uses the MIPI M-PHY protocol . . . ."

2.   This protocol, according to the internet article, has two "types," namely "type 1 and type 2," and the "UFS specification calls out type 1" of the protocol.

3.   The third-party article has the following picture, with highlighting presumably added by the plaintiff but with no other explanation:



4.   The complaint then concludes each direct infringement count with a conclusory paragraph that pulls some words or phrases from an asserted claim—but not from the supposed "UFS specification," the supposed "MIPI M-PHY protocol," or the internet article—and says that products like the accused HP product implement those words or phrases.

Notably absent from the complaint are allegations connecting key dots necessary to plausibly allege infringement.  Specifically, there are no factual allegations that establish:

(i) whether the third-party internet article attempts to depict, or accurately depicts, the operation of either the referenced "UFS specification" or "MIPI M-PHY protocol";

(ii) any relationship between the third-party article's reference to a "UFS specification" and the HP advertisement's reference to "UFS storage";

(iii) whether the accused HP product is in fact compliant with the unidentified "UFS specification" or "MIPI M-PHY protocol" mentioned in the third-party article;

(iv) whether compliance with the "UFS specification" that supposedly "calls out type 1" of the protocol" means that the accused HP product necessarily must implement "type 1" of the protocol;

(v) whether the words or phrases copied from the asserted claims into the complaint have any relation whatsoever to any portions of the "MIPI M-PHY protocol," the "UFS specification," or even the 2012 article, and if so, what specific claim elements correspond to what specific portions; or

(vi) how the accused HP product encompasses any of the elements of the asserted claims.

For these reasons, all direct infringement allegations should be dismissed.  *See Network Managing Solutions*, 2017 WL 472080, at *1; *Realtime Adaptive Streaming*, 2018 WL 6532925, at *11.

> **2.     The complaint fails to provide facts showing that the cited internet article or referenced industry standards disclose, let alone require, practicing any claim limitation of the asserted patents.**

Independent of the above-described shortcomings, the Court should dismiss all direct infringement allegations because the complaint fails to plausibly allege facts supporting allegations that implementing the "UFS specification," the "MIPI M-PHY protocol," or even the subject matter of the internet article would result in infringement.  *See Modern Telecom Sys, LLC v. TCL Corp.*, No. 17-583-LPS-CJB, 2017 WL 6524526, at *4 (D. Del. Dec. 21, 2017).  Indeed, the complaint does not include a single citation to any document other than the third-party internet article, even though the complaint purports to rely on the "UFS specification" and the

"MIPI M-PHY protocol."  Instead, the complaint includes conclusory paragraphs that do little more than incompletely summarize the claims.  D.I. 1 ¶¶ 17, 32, 47.  These supposed claim-summarizing paragraphs provide no factual basis supporting an allegation that the accused HP product satisfies any claim limitation based on implementation of any internet article or industry standard, and therefore constitute insufficient support for a well pleaded complaint.  *See N. Star Innovations, Inc.*, 2017 WL 5501489, at *2.

Furthermore, the complaint fails to include all of the claim language of even a single claim in its conclusory, summarizing allegations, instead content to repeat only some of the language.  The following chart compares the actual language of the claims to corresponding infringement allegations, with emphasis added to the claim limitations that the complaint ignores entirely:

| '044 patent, claim 1: | Direct infringement allegation for claim 1: |
|---|---|
| 1.  A signal transmitter, comprising:<br><br>a **channel node to interface with a single direct current balanced differential channel**; and<br><br>**circuitry connected to the channel node**, the circuitry being configured to multiplex clock, data and control signals and apply them to the channel node, **wherein the clock signal is pulse width modulated to incorporate direct current balancing control signals**. | UFS hosts and devices, which are included in the '044 Accused Products, contain signal transmitters.  These signal transmitters drive a DC-balanced differential signal for a communications channel.  This signal is comprised of a pair of data signals: a positive (true) data signal and a negative (complement) data signal.  These transmitters multiplex a pulse-width modulated clock signal, a data signal, and control signals to apply them to the communications channel.  D.I. 1 ¶ 17. |

| '092 patent, claim 1: | Direct infringement allegation for claim 1: |
|---|---|
| 1. An apparatus for transmitting a clock Signal and data Signals over a signal line, the apparatus comprising | UFS hosts and devices, which are included in the '092 Accused Products, multiplex clock and data signals for transmission over a single communications channel. This clock signal is modulated based on the data to be transmitted before being combined with the output data stream.  D.I. 1 ¶ 32. |
| a clock generator having a first input, a second input and an output, the clock generator **modulating a falling edge of an** **output signal to indicate different data** **values,** the first input of the clock generator coupled to receive a clock signal, and the second input of the clock generator coupled to receive a control signal indicating a data value to be transmitted. | |
| '593 patent, claim 34: | Direct infringement allegation for claim 34: |
| 34. A method of transmitting data in a system including at least one data channel and a separate clock channel, the method comprising: | UFS hosts and devices, which are included in the '593 Accused Products, contain signal transmitters. These transmitters encode the data to be transmitted and further multiplex a pulse-width modulated clock signal, an encoded data signal, and control signals to apply them to the communications channel. This encoding scheme shifts an energy spectrum of the combined clock and encoded |
| combining a clock signal to be transmitted on the clock channel with an encoded data signal having a plurality of encoded data words to generate a combined clock and encoded data signal; | |

| | |
|---|---|
| the clock signal having a plurality of pulses and each pulse having a front edge and a back edge and a pulse width defined by the time difference of the front edge and back edge; | data signal away from an effective loop bandwidth of a clock recovery block.  D. I. 1 ¶ 47. |

the combining further including **encoding an unencoded data to generate an encoded data and modulating the encoded data onto the clock signal based on the encoded data by: (i) moving the front edge only of a particular pulse, (ii) moving the back edge only of a particular pulse, or (iii) moving both the front edge and the back edge of a particular pulse by different amounts or in different directions, wherein the movement in any of the cases causing a change in a change in the width of the particular pulse and the moving of at least one edge is effective to combine the encoded data signal onto the clock signal**; and

transmitting the combined clock and encoded data signal on the clock channel;

| | |
|---|---|
| wherein the encoded data signal is generated from the unencoded data words using an encoding scheme that shifts an energy spectrum of the combined clock and encoded data signal away from an effective loop band width of a clock recovery block. | |

Because the complaint provides no factual support for its allegations—whether from the third-party internet article, the "UFS specification," the "MIPI M-PHY protocol" or otherwise—the complaint fails to plausibly allege direct infringement in each of the three counts. The complaint "has to take the guesswork out of things by pleading facts that plausibly allege infringement." *Modern Telecom Sys.*, 2017 WL 6524526, at *3 n.8, *report and recommendation adopted* D.I. 27 (D. Del. Jan. 9, 2018). Furthermore, because the complaint wholly ignores claim limitations in its direct infringement assertion, it also fails to plausibly allege infringement for this reason as well. The complaint has not provided "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Therefore, the direct infringement claims should be dismissed.

**B.      The Court should dismiss each indirect infringement allegation.**

**1.      The complaint fails to plausibly plead direct infringement and therefore the indirect infringement claims should be dismissed.**

Both induced and contributory infringement require direct infringement by another. *See Commil*, 135 S. Ct. at 1926-28; *Fujitsu*, 620 F.3d at 1326. Because the direct infringement allegations should be dismissed for the reasons provided above, all indirect infringement allegations should likewise be dismissed.

15

> **2.      The inducement allegations should be dismissed because the complaint fails to allege facts as to pre-suit knowledge of any asserted patent or third-party direct infringement.**

Induced infringement requires knowledge of the asserted patents. *Commil,* 135 S. Ct. at 1926 (citing *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964)). To properly plead induced infringement, the complaint must "allege sufficient facts that would allow the court to infer that [HP] had actual knowledge of [the asserted] patents." *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 232 (D. Del. 2012). Such knowledge must have existed before service of the complaint. *See id.* But here, the complaint does not include any factual allegation of pre-suit knowledge of any of the asserted patents. The complaint simply is devoid of any allegation of pre-suit knowledge. Therefore, the induced infringement claims should be dismissed.

In addition, the complaint must allege "facts plausibly showing that [the defendant] specifically intended a third party to infringe . . . and knew that the [third party's] acts constituted infringement." *Transmission & Processing Sys. Patent Litig.*, 681 F.3d at 1339. But other than generically claiming third-party infringement, the complaint alleges no plausible fact as to how HP could have possibly known that any third-party making, using, selling, offering to sell, or importing any accused HP computer infringed the patent. Nor does the complaint itself explain how or when any such third party supposedly infringed. As such, the complaint fails to state a claim for induced infringement based on either pre-complaint or post-complaint activities. *See Neology, Inc. v. Kapsch Trafficcom IVHS, Inc.*, No. 13-2052-LPS, 2014 WL 4675316, at *5, *7 (D. Del. Sept. 19, 2014) (concluding that the Court could not plausibly infer defendant had sufficient knowledge of infringing conduct where the complaint failed to explain how third-party use of accused products constituted infringement).

3. **The contributory-infringement allegations should be dismissed because the complaint fails to plausibly allege the elements for contributory infringement.**

The knowledge requirement for contributory infringement is the same as for induced infringement. *Commil,* 135 S. Ct. at 1926. That is, to satisfy plausibility, the complaint must plead facts that would establish or from which can be inferred that HP both had knowledge of the asserted patents and knowledge of a third party's alleged infringement before the lawsuit. *Id.* But the complaint fails to plausibly plead either element. As explained above, the complaint does not allege any facts showing that HP had knowledge of the asserted patents or knew that any third-party actions amounted to patent infringement.

In addition, the complaint fails to identify any component, material or apparatus that constitutes a material part of any claimed invention, let alone allege that such component, material, or apparatus was unsuitable for substantial non-infringing use. "To state a claim for contributory infringement . . . a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *Transmission & Processing Sys. Patent Litig*, 681 F.3d at 1337. The complaint does not even mention any of these elements for contributory infringement, let alone allege that any component, material, or apparatus of the accused HP computer lacks substantial non-infringing uses. Therefore, the complaint fails to properly state a claim for contributory infringement, and any such allegations should be dismissed. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation' of the elements of a cause of action will not do.") (quoting *Twombly*, 550 U.S. at 555).

## VI. CONCLUSION

The Court should dismiss the direct and indirect infringement claims under Rule 12(b)(6). The allegations lack minimum facts necessary to show that its claims are plausible on

their face, fail to put HP on notice of any alleged patent infringement, and are therefore insufficient under *Twombly*.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

_____

Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
jying@mnat.com

OF COUNSEL:

Daniel J. Goettle
BAKER & HOSTETLER LLP
2929 Arch Street
Cira Centre, 12th Floor
Philadelphia, PA  19104
(215) 568-3100

Cory C. Davis
Theresa M. Weisenberger
BAKER & HOSTETLER LLP
1170 Peachtree Street, Suite 2400
Atlanta, GA  30309
(404) 459-0050

Jennifer M. Kurcz
BAKER & HOSTETLER LLP
191 North Wacker Drive, Suite 3100
Chicago, IL  60606
(312) 416-6200

*Attorneys for Defendant HP Inc.*

April 4, 2019

18

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on April 4, 2019, upon the following in the manner indicated:

Brian E. Farnan, Esquire                          *VIA ELECTRONIC MAIL*
Michael  J. Farnan, Esquire
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE  19801
*Attorneys for Plaintiff*

Jeffrey R. Bragalone, Esquire                     *VIA ELECTRONIC MAIL*
T. William Kennedy, Esquire
Brian P. Herrmann, Esquire
BRAGALONE CONROY PC
2200 Ross Avenue, Suite 4500W
Dallas, TX  75201
*Attorneys for Plaintiff*

*/s/ Jennifer Ying*
_____
Jennifer Ying (#5550)