IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SUPER INTERCONNECT TECHNOLOGIES LLC, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 19-169-CFC |
| v. | ) ) | JURY TRIAL DEMANDED |
| HP INC., | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFF SUPER INTERCONNECT TECHNOLOGIES, LLC'S ANSWERING
BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE
TO STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6)**

Dated: April 18, 2019

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
**FARNAN LLP**
919 North Market Street, 12th Floor
Wilmington, Delaware 19801
302-777-0300 Telephone
302-777-0301 Facsimile
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Jeffrey R. Bragalone (admitted *pro hac vice*)
T. William Kennedy Jr. (admitted *pro hac vice*)
Brian P. Herrmann (admitted *pro hac vice*)
**BRAGALONE CONROY P.C.**
Chase Tower, 2200 Ross Ave., Suite 4500W
Dallas, Texas 75201
214-785-6670 Telephone
214-785-6680 Facsimile
jbragalone@bcpc-law.com
bkennedy@bcpc-law.com
bherrmann@bcpc-law.com

Attorneys for Plaintiff
**SUPER INTERCONNECT
TECHNOLOGIES, LLC**

## TABLE OF CONTENTS

I.   NATURE AND STAGE OF THE PROCEEDINGS ................................................................. 1

II.  SUMMARY OF THE ARGUMENT ..................................................................................... 2

III. STATEMENT OF FACTS ................................................................................................... 4

IV. LEGAL STANDARD ......................................................................................................... 4

V.  ARGUMENT ...................................................................................................................... 6

    A.  SIT's Detailed Factual Allegations Satisfy *Iqbal/Twombly* Because They Provide HP Fair Notice of SIT's Direct Infringement Claims and the Grounds on Which SIT's Claims Are Based. ...................................................................................................... 6

    B.  SIT Has Sufficiently Plead Induced Infringement. ......................................................... 13

    C.  SIT Did Not Plead Contributory Infringement. .............................................................. 14

    D.  If The Court Should Find that the Complaint Does Not Meet Applicable Pleading Standards, SIT Should Be Allowed Leave to Amend its Complaint. ............................. 15

VI. CONCLUSION ................................................................................................................... 15

## TABLE OF AUTHORITIES

### CASES

*Align Tech., Inc. v. 3Shape A/S*,

    339 F. Supp. 3d 435 (D. Del. 2018) ............................................................................... 6

*Ashcroft v. Iqbal*,

    556 U.S. 662 (2009) ..................................................................................................... passim

*Bell Atlantic Corp. v. Twombly*,

    550 U.S. 544 (2007) ..................................................................................................... 2, 4

*Connelly v. Lane Const. Corp.*,

    809 F.3d 780 (3d Cir. 2016) .......................................................................................... 4

*DermaFocus LLC v. Ulthera, Inc.*,

    201 F. Supp. 3d 465 (D. Del. 2016) .............................................................................. 6, 10

*Disc Disease Solutions Inc. v. VGH Solutions, Inc.*,

    888 F.3d 1256 (Fed. Cir. 2018) ..................................................................................... 3, 6

*Foman v. Davis*,

    371 U.S. 178 (1962) ...................................................................................................... 15

*Fujitsu Ltd. v. Netgear Inc.*,

    620 F.3d 1321 (Fed. Cir. 2010) ..................................................................................... 5

*Groove Digital, Inc. v. Jam City, Inc.*,

    C.A. No. 18-1331, 2019 WL 351254 (D. Del. Jan. 29, 2019) ....................................... 6, 11, 13

*IOENGINE, LLC v. PayPal Holdings, Inc.*,

    C.A. No. 18-452-WCB, 2019 WL 330515 (D. Del. Jan. 25, 2019) ............................... 14

*KOM Software Inc. v. NetApp, Inc.*,

   C.A. No. 18-00160, 2018 WL 6167978 (D. Del. Nov. 26, 2018) .............................. 11, 13, 14

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,

   869 F.3d 1372 (Fed. Cir. 2017) ..................................................................................... 9

*Modern Telecom Sys., LLC v. TCL Corp.*,

   C.A. No. 17-583, 2017 WL 6524526 (D. Del. Dec. 21, 2017) ................................... 12

*Network Managing Sols., LLC v. AT&T Inc.*,

   C.A. No. 16-295, 2017 WL 472080 (D. Del. Feb. 3, 2017) ...................................... 11

*Pinker v. Roche Holdings Ltd.*,

   292 F.3d 361 (3d Cir. 2002) ........................................................................................ 5

*Promos Techs., Inc. v. Samsung Elecs. Co. Ltd.*,

   C.A. No. 18-307, 2018 WL 5630585 (D. Del. Oct. 31, 2018) ................................... 15

*Prowire LLC v. Apple, Inc.*,

   C.A. No. 17-223, 2017 WL 3444689 (D. Del. Aug. 9, 2017) ..................................... 5

*Realtime Adaptive Streaming LLC v. Haivision Network Video Inc.*,

   C.A. No. 17-CV-1520, 2018 WL 6532925 (D. Del. Dec. 12, 2018) ......................... 12

*Realtime Adaptive Streaming LLC v. Netflix, Inc.*,

   C.A. No. 17-1692, 2018 WL 6521978 (D. Del. Dec. 12, 2018) ................................ 13

*United States Gypsum Co. v. New NGC, Inc.*,

   C.A. No. 17-130, 2017 WL 2538569 (D. Del. June 12, 2017) .............................. 5, 7

*Walker Digital, LLC v. Facebook, Inc.*,

   852 F. Supp. 2d 559, 565 (D. Del. 2012) ................................................................. 13

## I.      NATURE AND STAGE OF THE PROCEEDINGS

The Original Complaint (the "Complaint") (D.I. 1.) filed by Plaintiff Super Interconnect Technologies, LLC ("SIT") accuses HP Inc. ("HP") of directly and indirectly infringing three separate patents: U.S. Patent No. 7,627,044 ("the '044 patent"), U.S. Patent No. 6,463,092 ("the '092 patent"), and U.S. Patent No. 7,158,593 ("the '593 patent") (collectively, the "Asserted Patents"). SIT accuses HP of patent infringement based on HP's making, having made, using, offering for sale, selling, and/or importing electronic devices with Universal Flash Storage ("UFS") technology (collectively, these devices are the "Accused Products").

SIT's Complaint sets forth detailed factual allegations showing how HP's products (including, for example, the HPI Envy x2 detachable PC, product number 3SG88UA and product name HP ENVY x2-12-e011nr) incorporate the UFS technology, which itself complies with a technical standard called M-PHY. M-PHY (an acronym derived from "**M**obile-**PHY**sical" layer) is an embedded clock serial interface technology with ultra-high bandwidth capabilities, specifically developed for the extreme performance and low power requirements of mobile applications.[1] Specifically, M-PHY is a physical layer standard for multimedia and chip-to-chip inter-processor communication applications.[2] SIT's Complaint further alleges facts to show why the physical layer communications in the accused products, which follow the M-PHY standard, practice each element of at least one claim of the Asserted Patents and constitute direct infringement. SIT's Complaint identifies the specific claims infringed, the specific infringing products, and the nature of HP's infringement.

---

[1] https://www.mipi.org/sites/default/files/PHY_Tech_Brief_20140916_0.pdf
[2] https://www.mipi.org/specifications/m-phy

On January 31, 2019, SIT informed the Court that this action, along with three other actions[3], should be consolidated for all pre-trial purposes, including *Markman* proceedings. (D.I. 10.) In this letter, SIT also requested that a joint scheduling conference be held after HP's answer, which was to be the final answer to be filed in the related actions. HP answer date was March 21, 2019, and SIT agreed to extend HP Inc.'s deadline by thirty days.

The other related cases in this District include substantially the same direct infringement allegations made here, yet two of the four defendants (Lenovo and Motorola) answered without filing motions to dismiss. Similarly, in two other cases in the Eastern District of Texas[4] and one other case filed in the Northern District of Texas[5], each with substantially the same direct infringement allegations as the Complaint in this case, no defendant has filed a motion to dismiss for an alleged failure to state a claim.

On April 4, 2019, HP filed its motion to dismiss SIT's Complaint for failure to state a claim (the "Motion") and its opening brief in support. (D.I. 9 and 10.) HP alleges that the three patent infringement counts in SIT's Complaint fail to satisfy the plausibility-pleading standard that the Supreme Court articulated in *Bell Atlantic Corp. v. Twombly*. 550 U.S. 544 (2007). (D.I. 10 at 1.)

## II.   SUMMARY OF THE ARGUMENT

1.   The Motion alleges that the Complaint "fails to plausibly plead facts necessary to connect the dots" between the standards and the accused products and fails to demonstrate how certain claim limitations are met by the accused products. *Id*. at 1-2. HP's allegations are both

---

[3] *Super Interconnect Technologies LLC v. Lenovo Group LTD, et al*., C.A. No. 18-cv-1729-CFC (D. Del.); *Super Interconnect Technologies LLC v. Motorola Mobility, LLC*, C.A. No. 18-cv-1730-CFC (D. Del.); *Super Interconnect Technologies LLC v. Sony Corp., et al.*, C.A. No. 18-cv-1731-CFC (D. Del.).
[4] *Super Interconnect Technologies LLC v. Google LLC*, No. 2:18-cv-00463 (E.D. Tex.); *Super Interconnect Technologies LLC v. Huawei Device (Shenzhen) Co*., *et al*., No. 2:18-cv-00462 (E.D. Tex.).
[5] *Super Interconnect Technologies LLC v. ZTE Corp*., No. 3:18-CV-02932-M (N.D. Tex.).

legally deficient and factually inaccurate. Legally, HP overstates the applicable pleading standard. Despite HP's argument that SIT's Complaint ignores claim limitations (D.I. 12 at 2), courts in this District do not require that a plaintiff must match every claim element to the accused products to plead direct infringement. This level of detail, which would normally be found in infringement contentions, is simply not necessary to overcome a Rule 12(b)(6) motion to dismiss. Instead, the Complaint must only provide "fair notice of what the [infringement] claim is and the ground upon which it rests." *Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018).[6] Factually, the Complaint provides notice of the Asserted Patents, asserted claims, specific Accused Products, as well as an explanation of how underlying technology in the Accused Products results in infringement of the Asserted Patents. This is sufficient to plead a claim for direct infringement under the pleading standards established by this District, the Federal Circuit, and the Supreme Court.

2.      The Motion also alleges that SIT has not properly plead induced infringement because of (1) lack of pleading pre-suit notice; and (2) insufficient pleading of intent to induce. D.I 10 at 15-16. However, pre-suit notice is not required for inducement, and SIT's Complaint sufficiently pleads intent under the caselaw from this District.

3.      The Motion also alleges that SIT has not properly plead contributory infringement. *Id.* at 16-17. In its initial pleading, SIT has not alleged that HP has contributorily infringed the claims. As such, there is nothing for the Court to dismiss relating to contributory infringement.

4.      Alternatively, should the Court conclude that HP's arguments have some merit, SIT requests leave to amend its Complaint instead of outright dismissal.

---

[6] Unless otherwise noted, all emphasis is added and all internal citations and quotations are omitted.

## III.   STATEMENT OF FACTS

HP's Accused Products employ Universal Flash Storage, which uses the MIPI M-PHY protocol for physical layer communication between the UFS host and UFS device. (*See e.g.,* D.I. 1 at 3-4.) In this situation, the "UFS host" is the product itself, such as the PC, including its processor, while the "UFS device" is the internal non-volatile storage for the product. For internal physical layer communications between the product and its internal storage, MIPI M-PHY type 1 is used. In this case, M-PHY is used whenever an accused PC needs to communicate with its flash memory storage. HP's Motion does not dispute these facts and, in any event, the facts alleged in the Complaint must be accepted as true for purposes of HP's Motion. The Complaint accordingly establishes that the Accused Products incorporate a storage format that incorporates a standard (M-PHY) under which the Accused Products meet every limitation of at least one claim of the Asserted Patents. These facts easily meet the *Twombly* and *Iqbal* standards for pleading direct infringement.

## IV.   LEGAL STANDARD

A motion filed under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint's factual allegations. *See Twombly*, 550 U.S. at 555. A complaint must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id*. The Third Circuit requires a three-part analysis when reviewing a Rule 12(b)(6) motion. *See Connelly v. Lane Const. Corp*., 809 F.3d 780, 787 (3d Cir. 2016). In the first step, the court "must tak[e] note of the elements a plaintiff must plead to state a claim." *Id*. Next, the court "should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. Lastly, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id*.

4

In considering whether a complaint should be dismissed for failure to state a claim upon which relief can be granted, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002). "A plaintiff may have a plausible claim for direct infringement 'sufficient to withstand *Iqbal/Twombly* scrutiny' by 'specifically identifying ... products' which 'perform the same unique function as [the] patented system.'" *United States Gypsum Co. v. New NGC, Inc.*, C.A. No. 17-130-VAC-MPT, 2017 WL 2538569, at *2 (D. Del. June 12, 2017), *report and recommendation adopted*, 2017 WL 5187845 (D. Del. Aug. 18, 2017). If, as here, "an accused product operates in accordance with a standard, then comparing the claims to that standard is the same as comparing the claims to the accused product." *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1327 (Fed. Cir. 2010).

The standards for pleading direct infringement have evolved over the past four years. "Before December 1, 2015, [courts] reviewed the sufficiency of a patent infringement complaint against Form 18 of the Federal Rules of Civil Procedure which required five basic allegations including 'a statement that defendant has been infringing the patent by making, selling, and using [the device] embodying the patent.'" *Prowire LLC v. Apple, Inc.*, C.A. No. 17-223, 2017 WL 3444689, at *2 (D. Del. Aug. 9, 2017). Although Form 18 allowed for particularly bare bones complaints to survive motions to dismiss, courts in this District have been careful not to let the pendulum swing too far in the opposite direction—after all, the pleading standards only require *plausibility* and *fair notice*, and do not require the Plaintiff to prove its case at the pleading stage. For instance, this District has explained that, in the context of a patent infringement suit,

> Given the focus of the above articulated standard of review on
> reasonable notice of plausible claims under the circumstances, the

> question a court must address with each case is whether the plaintiff
> at bar has provided sufficient information to allow the court to
> determine plausibility and to allow the named defendant to respond
> to the complaint. ***Absent specific guidance from the Federal
> Circuit directing the court to front-load the litigation process by
> requiring a detailed complaint in every instance, the court declines
> to do so.***

*DermaFocus LLC v. Ulthera, Inc.*, 201 F. Supp. 3d 465, 469 (D. Del. 2016). Thus, the focus

remains on reasonable notice of plausible claims; the complaint is not required to include each and

every detail necessary to prove infringement. As a court in this District has held, "[t]o satisfy the

*Iqbal* pleading standard in a patent case, '[s]pecific facts are not necessary.' The Complaint need

only give defendant 'fair notice of what the [infringement] claim is and the ground upon which it

rests.'" *Groove Digital, Inc. v. Jam City, Inc.*, C.A. No. 18-1331-RGA, 2019 WL 351254, at *3

(D. Del. Jan. 29, 2019) (quoting *Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256,

1260 (Fed. Cir. 2018)); *see also Align Tech., Inc. v. 3Shape A/S*, 339 F. Supp. 3d 435, 446 (D. Del.

2018) ("To require anything more at this stage of the case would require the equivalent of

infringement contentions, which is more than the law demands."). In contrast to these clear

principles, HP's Motion improperly demands specific facts describing precisely how each and

every claim limitation is found in the Accused Products. Neither *Twombly*, *Iqbal*, or any decision

of this Court has ever imposed such a stringent pleading standard for direct infringement claims.

## V.   <u>ARGUMENT</u>

**A.    SIT's Detailed Factual Allegations Satisfy *Iqbal/Twombly* Because They
Provide HP Fair Notice of SIT's Direct Infringement Claims and the Grounds
on Which SIT's Claims Are Based.**

In its Complaint, SIT identifies specific Accused Products that directly infringe specific

claims of the Asserted Patents. (D.I. 1 ¶¶ 12, 27, 42). For example, with regard to the '044 patent,

SIT alleges:

> HPI has and continues to directly and/or indirectly infringe (by
> inducing infringement and/or contributing to infringement) one or
> more claims of the '044 patent in this judicial district and elsewhere
> in the United States, including at least claims 1, 2, 8, 9, 10, 11, 12,
> 13, 14, 15 and 19, by, among other things, making, having made,
> using, offering for sale, selling, and/or importing electronic devices
> with Universal Flash Storage (UFS) that incorporate the
> fundamental technologies covered by the '044 patent. These
> products are referred to as the "'044 Accused Products." Examples
> of the '044 Accused Products include, but are not limited to, the HPI
> Envy x2 detachable PC (having in one instance product number
> 3G88UA and product name HP ENVY x2-12-e011nr).

*Id.* ¶ 12. SIT also explains in detail how the Accused Products with UFS technology use the M-

PHY protocol for physical layer communication between the UFS host and the UFS device. *Id.* ¶

16. SIT then alleges that these UFS hosts and devices, which are included in the Accused Products

and have a specific function according to the M-PHY standard, contain signal transmitters that

read on the representative claim for each Asserted Patent. *Id.* ¶ 17. These allegations clearly set

forth a plausible case for direct infringement of the Asserted Patents by HP's Accused Products.

HP is on notice of (1) which products are accused of infringement (those electronic devices that

use UFS technology); (2) which specific claims are infringed by those products; and (3) the reason

why UFS products read on the Asserted Patents (because UFS uses M-PHY for physical layer

communication between UFS hosts and devices that contain signal transmitters that read on the

asserted claims). As in *United States Gypsum*, SIT has met the *Iqbal/Twombly* standard by

"specifically identifying . . . products which perform the same unique function as [the] patented

system." *United States Gypsum*, C.A. No. 17-130-VAC-MPT, 2017 WL 2538569, at *2.

HP alleges that this level of detail is nevertheless insufficient because the Complaint does

not include following additional level of detail:

> (i) proof that Figure 2 (below) "attempts to depict, or accurately depicts, the operation of
>
> either the referenced "UFS specification" (D.I. 10 at 10, numeral (i));



**UFS Implementation Detail**

In the diagram below, the implementation of a UFS host or device is simplified to the M-PHY, digital (UniPro) core and the interface to either the Soc or the NAND Flash memory. We will examine each of these in detail.

Figure 2. UFS to UFS Interface

(ii) proof of a relationship between the "UFS specification" in the excerpt below and the accused products that contain "UFS storage" (*id.* at 11, numeral (ii));

*M-PHY I/O*

MIPI defines two types of M-PHY, type 1 and type 2. The UFS specification calls out type 1. M-PHY Type 1 uses NRZ signaling for HS and PWM signaling for LS, while type 2 uses NRZ signaling for both HS and LS.

UFS utilizes two speed modes, high-speed and low-speed. Low speed mode In Gear 1 is used upon power up or reset, then a transition occurs to high-speed gears for data transmission. The low speed gears and high-speed gears are listed here for your reference. UFS v1.1 has been ratified and supports HS Gear 2 running approximately @ 3Gbps per lane. The UFS spec also supports up to 4 lanes for higher throughput.

(iii): proof that the accused products are "in fact compliant" with the UFS

Specification or MIPI M-PHY protocol (*id.* at 11, numeral (iii));

(iv): additional proof that the accused products implement type 1 of M-PHY protocol (*id.* at 11, numeral (iv)); and

(v) and (vi): proof, beyond the details in the Complaint, that the MIPI M-PHY protocol,

UFS specification, and accused HP products match each of the asserted limitations of the

claims.

But HP's demand for those additional levels of detail misstates the legal standard for what is required at this early stage of the lawsuit. "There is no requirement for [a plaintiff] to prove its case at the pleading stage." *Lifetime Indus., Inc. v. Trim-Lok, Inc*., 869 F.3d 1372, 1379 (Fed. Cir. 2017). Nevertheless, HP specifically relies on the following caselaw discussing how a Plaintiff can prove infringement, not how a Plaintiff pleads infringement:

> But in 2010, the U.S. Court of Appeals for the Federal Circuit approved an alternate means of **_proving infringement_** when an industry standard is involved. In cases where an accused product is alleged to be compliant with an industry standard, infringement **_can be proven_** by comparing the claims of the patent to mandatory provisions of the standard, as opposed to comparing the claims directly to the accused product. *Fujitsu Ltd.*, 620 F.3d at 1327-28.

D.I. 10 at 8-9. In the opening paragraphs of the Motion, HP admits that SIT's Complaint alleges infringement based on at least two industry standards and a white paper article, but contends that the Complaint nonetheless fails to "connect the dots," *i.e.*, provide definitive proof linking each document. *Id.* HP drew a graphic to explain its argument:



*Id.* at 9. HP's graphic illustrates that SIT's Complaint includes sufficient support such as citations to HP's documentation showing that the accused products have UFS storage, the UFS standard, the MIPI M-MPY protocol, and a white paper linking the UFS standard to the MIPI M-MPY protocol. The alleged lack of "connecting the dots" shown in the graphic only highlights that the information sought by HP is proof of infringement that is not required at the pleading stage.

Tellingly, the only other Defendant to file a motion to dismiss, Sony, did not have an issue "connecting the dots" between the accused products and the industry standards. In the complaint against Sony, SIT similarly alleged that the accused product includes UFS memory, and because of that UFS memory, the product practices the UFS specification, which is turn practices the MIPI M-MPHY type 1 protocol. *See, e.g., Super Interconnect Technologies LLC v. Sony Corp.*, et al., C.A. No. 18-cv-1731-CFC (D. Del.) ("*Sony*"), D.I. 1 at 4-6. In its motion to dismiss, Sony included specific arguments citing the MIPI M-MPHY standard, arguing that it shows that the "falling edge of the clock signal is not modulated at all … [r]ather it is set at a 'fixed position.'" *See e.g., Sony*, D.I. 12 at 10. Thus, despite very similar allegations against HP, Sony understood those allegations well enough to make non-infringement arguments in its motion to dismiss. As such, HP cannot credibly argue that the Complaint here does not provide enough information for HP to "connect the dots." The Complaint provides that information, which is in excess of the pleading standard.

HP also argues that SIT's Complaint must provide detailed citations to the UFS specification or to the MIPI M-PHY protocol to match the claim limitations. *Id.* at 4, 11-15. But this Court has "rejected . . . the notion that a complaint for patent infringement needs to match up specific instructions to claims elements." *DermaFocus*, 201 F. Supp. 3d at 471 n.11." HP ignores that such details are addressed in infringement claim charts, which are submitted thirty days ***after*** "each defendant produce[s] to the plaintiff the core technical documents related to the accused

product(s), including but not limited to operation manuals, product literature, schematics, and specifications." D. Del. Default Std. ¶ 4.b. Once SIT receives HP's core technical documents, it will be in a position to provide detailed claim charts demonstrating infringement of the Asserted Claims. But *Iqbal*/*Twombly* do not require such detail at the initial pleading stage. *See Groove Digital, Inc.*, C.A. No. 1:18-CV-01331-RGA, 2019 WL 351254, at *3 n.1 ("Defendant argues that Plaintiff should have included more detailed infringement contentions []. That level of specificity may be helpful at the pleading stage, but it is not what Rule 8 requires").

In contrast to HP's insistence on detailed, element-by-element analysis in the Complaint, if a "Plaintiff identifies the Accused Products, identifies the asserted claims, and explains the basis of the infringement allegation [, then] [t]hose allegations, when read with the rest of the Complaint, sufficiently describe how Defendant's Accused Products allegedly infringe the claims." *Id.* Similarly, where a complaint "alleges that specifically-named products infringe claims of each of the [] patents, copies of which Plaintiff attached to the First Amended Complaint," then this is sufficient to defeat a motion to dismiss for failure to state a claim. *See KOM Software Inc. v. NetApp, Inc.*, C.A. No. 18-00160-RGA, 2018 WL 6167978, at *2 (D. Del. Nov. 26, 2018). SIT's Complaint establishes more than just the Accused Products, Asserted Claims, and basis for infringement—it explains in detail how the Accused Products meet the asserted claim limitations.

The cases that HP cites are distinguishable. In *Network Managing Sols., LLC v. AT&T Inc.*, C.A. No. 16-295-RGA, 2017 WL 472080, at *1 (D. Del. Feb. 3, 2017), the Court dismissed a direct infringement complaint because "[s]aying on information and belief that the standards incorporate the fundamental technologies covered by the patents, without more, is insufficient to plausibly allege that to practice the standard necessarily means that a defendant also practices the patent." *Id.* at *1. Unlike the *Network Managing* case, SIT has alleged facts that, accepted as true,

demonstrate a connection between the relevant technical standards and the Asserted Patents. For example, SIT makes the factual assertion that the accused products incorporate UFS technology, and further asserts the fact that UFS uses M-PHY for physical layer communication between UFS hosts and devices. Furthermore, SIT makes the factual allegation that UFS hosts and devices contain signal transmitters that practice the elements of the Asserted Patents.

Similarly, in *Modern Telecom Sys., LLC v. TCL Corp.*, C.A. No. 17-583-LPS-CJB, 2017 WL 6524526, at *3 (D. Del. Dec. 21, 2017), the plaintiff failed to tie the standards forming the basis for infringement with the relevant patent claims. *Id.* at *3. There, the plaintiff simply parroted back the words of the claim while further alleging that the accused products complied with a wireless standard. *Id.* The Court found that this was insufficient to overcome a Rule 12(b)(6) motion because there were no allegations explaining why compliance with the wireless standard would result in infringement or why the accused products implemented the standard. *Id.* Here, as discussed above, this is simply not the case; SIT has explained how operating pursuant to M-PHY results in UFS hosts and devices that contain signal transmitters that infringe the Asserted Patents.

In *Realtime Adaptive Streaming LLC v. Haivision Network Video Inc.*, No. 17-CV-1520-CFC-SRF, 2018 WL 6532925, at *11 (D. Del. Dec. 12, 2018), despite HP's parenthetical stating so, there is no explanation that pleading "compliance with a standard is insufficient unless the relevant section of the standard is mandatory." D.I. 10 at 6. Instead, *Realtime* cites to the *Fujitsu* case that HP also cites that relates to proof of infringement not pleading standards. *Realtime*, 2018 WL 6532925, at *11. On pleading standards, *Realtime* states that "sufficient allegations would include, at a minimum, a brief description of what the patent at issue does, and an allegation that certain named and specifically identified products or product components also do what the patent does." *Id*. SIT's Complaint certainly meets that standard of pleading.

**B.      SIT Has Sufficiently Plead Induced Infringement.**

HP argues that the Court should dismiss SIT's induced infringement claims for lack of pleading pre-suit knowledge of the patents. D.I. 10 at 16. But "[p]re-suit knowledge is not required to plead a claim of induced infringement." *Groove Digital*, 2019 WL 351254, at *4 (citing *Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559, 565 (D. Del. 2012)); *see also KOM Software Inc*, 2018 WL 6167978, at *2 ("Pre-suit knowledge is not required to plead induced infringement."); *Realtime Adaptive Streaming LLC v. Netflix, Inc.*, No. CV-17-1692-CFC-SRF, 2018 WL 6521978, at *17 (D. Del. Dec. 12, 2018) ("[T]he filing of a complaint is sufficient to provide knowledge of the patents-in-suit for purposes of stating a claim for indirect infringement occurring after the filing date."). Thus, HP's argument on pre-suit notice fails.

Moreover, the Complaint contains sufficient factual allegations to support an inference of specific intent. For example, in the '593 patent section, the Complaint specifically alleges as follows:

> Upon information and belief, HPI intends to cause, and has taken affirmative steps to induce, infringement by these third-party manufacturers, distributors, importers, and/or consumers by, inter alia, creating advertisements that promote the infringing use of the '593 Accused Products, creating established distribution channels for the '593 Accused Products into and within the United States, manufacturing the '593 Accused Products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States. For example, HPI publishes an online user guide for the Envy x2 on its own website at the following web address: https://support.hp.com/sg-en/product/hp-envy-12-g000-x2-detachable-pc-series/17996601/manuals.

D.I. 1 at 15; *see also id.* at 6-7, 11 (showing counterpart sections for the '044 and '092 patents). Courts in this District have found inducement pleadings sufficient despite fewer details on intent. *See e.g., Groove Digital,* 2019 WL 351254, at *4 (denying motion to dismiss inducement claims citing these pleadings: "Jam City encourages continued direct infringement of the ... claims of the

'762 Patent by at least widely publicizing its Accused Products and providing on its website and in the Accused Products themselves instructions for conducting the directly infringing use."); *see also IOENGINE, LLC v. PayPal Holdings, Inc.*, No. CV 18-452-WCB, 2019 WL 330515, at *4 (D. Del. Jan. 25, 2019) (denying motion to dismiss inducement claims citing these pleadings: "Defendant instructs and encourages its customers, Point of Sale Partners, and third parties to use the PayPal Infringing Products in a manner that infringes" the asserted patents, and that "the information and materials provided by PayPal contain detailed descriptions and instructions for using and implementing the functionality claimed" in the asserted patents."); *KOM Software*, 2018 WL 6167978, at *3-4 (denying motion to dismiss citing these pleadings: "[o]n information and belief, at least since being served with the Original Complaint, Defendant NetApp, without authorization or license from KOM, has been and is presently indirectly infringing at least [a claim] of [the Patent], including actively inducing infringement of [the Patent] under 35 U.S.C. § 271(b). Such inducements include without limitation, with specific intent to encourage the infringement, knowingly inducing customers to use infringing articles and methods that NetApp knows or should know infringe one or more claims of [the Patent]. NetApp instructs its customers, including Apache and ON Semiconductor, to make and use the patented inventions of [the Patent] by operating NetApp's products in accordance with NetApp's specifications. NetApp specifically intends its customers, including Apache and ON Semiconductor to infringe by implementing [NetApp Software with certain features]."). As such, SIT has more than sufficiently plead inducement.

### C.    SIT Did Not Plead Contributory Infringement.

The Complaint does not include allegations of contributory infringement. Instead, each count includes the introductory language, "HPI has and continues to directly and/or indirectly infringe (by inducing infringement and/or contributing to infringement) one or more claims of the

'044 patent in this judicial district and elsewhere in the United States, including at least claims …

." D.I. 1 at 3, 8, and 12. The Complaint does not mention contributory infringement outside of that

parenthetical. The rest of the Complaint makes clear that SIT only alleges inducement and that the

"and/or" in the parenthetical should be read as only including inducement. This is apparent because

the Complaint specifically pleads inducement, whereas the Complaint does not mention

contributory infringement aside from the "and/or" parenthetical. As such, there are no contributory

infringement allegations for the Court to dismiss.

**D.     If The Court Should Find that the Complaint Does Not Meet Applicable Pleading Standards, SIT Should Be Allowed Leave to Amend its Complaint.**

Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing

party's written consent or the court's leave. The court should freely give leave when justice so

requires." At this early stage of the proceedings, HP would not suffer prejudice if SIT were given

leave to amend its Complaint. Moreover, SIT has not acted for the purpose of undue delay, in bad

faith, or with dilatory motives intended. Thus, in the unlikely event that the Court finds that HP's

Motion should be granted, SIT respectfully requests leave to amend its Complaint. Courts in this

District have granted leave to amend Complaints after granting a Rule 12(b)(6) Motion to Dismiss.

*See, e.g., Promos Techs., Inc. v. Samsung Elecs. Co. Ltd.*, C.A. No. 18-307-RGA, 2018 WL

5630585, at *5 (D. Del. Oct. 31, 2018) ("As Plaintiff recognizes, 'In the absence of any apparent

or declared reason . . . the leave sought should, as the rules require, be freely given.' *Foman v.*

*Davis*, 371 U.S. 178, 182 (1962). The Court will grant Plaintiff's request for leave to amend its

Complaint.").

## VI.    CONCLUSION

SIT's Complaint identifies the specific claims infringed, the specific infringing products,

and the nature of the infringement. The Complaint further identifies where the accused

functionality and components appear in the Accused Products and why they would infringe. These allegations far exceed what is needed to provide HP with the requisite fair notice to respond to the Complaint and proceed to discovery. Following HP's production of core technical documents, SIT will provide infringement contentions in accordance with this Court's Default Discovery Standard. For at least these reasons, SIT respectfully requests that this Court deny HP's Motion. (D.I. 9)


Dated: April 18, 2019                    Respectfully submitted,

                                         **FARNAN LLP**

                                         /s/ Brian E. Farnan
                                         Brian E. Farnan (Bar No. 4089)
                                         Michael J. Farnan (Bar No. 5165)
                                         919 North Market Street, 12th Floor
                                         Wilmington, Delaware 19801
                                         302-777-0300 Telephone
                                         302-777-0301 Facsimile
                                         bfarnan@farnanlaw.com
                                         mfarnan@farnanlaw.com

                                         Jeffrey R. Bragalone (admitted *pro hac vice*)
                                         T. William Kennedy Jr. (admitted *pro hac vice*)
                                         Brian P. Herrmann (admitted *pro hac vice*)
                                         **BRAGALONE CONROY P.C.**
                                         Chase Tower, 2200 Ross Ave., Suite 4500W
                                         Dallas, Texas 75201
                                         214-785-6670 Telephone
                                         214-785-6680 Facsimile
                                         jbragalone@bcpc-law.com
                                         bkennedy@bcpc-law.com
                                         bherrmann@bcpc-law.com

                                         Attorneys for Plaintiff
                                         **SUPER INTERCONNECT
                                         TECHNOLOGIES, LLC**