IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SUPER INTERCONNECT TECHNOLOGIES LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HP INC., )<br>)<br>Defendant. ) | C.A. No. 19-169 (CFC) |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS THE
<u>COMPLAINT UNDER FED. R. CIV. P. 12(b)(6)</u>**

OF COUNSEL:

Daniel J. Goettle
BAKER & HOSTETLER LLP
2929 Arch Street
Cira Centre, 12th Floor
Philadelphia, PA  19104
(215) 568-3100

Cory C. Davis
Theresa M. Weisenberger
BAKER & HOSTETLER LLP
1170 Peachtree Street, Suite 2400
Atlanta, GA  30309
(404) 459-0050

Jennifer M. Kurcz
BAKER & HOSTETLER LLP
191 North Wacker Drive, Suite 3100
Chicago, IL  60606
(312) 416-6200

April 25, 2019

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
jying@mnat.com

*Attorneys for Defendant HP Inc.*

**TABLE OF CONTENTS**

**Page**

I. THE DIRECT-INFRINGEMENT CLAIMS SHOULD BE DISMISSED ........................1

    A. Plaintiff alleges facts in its opposition that are not mentioned in the complaint and then relies on the new facts as supposedly supporting plausibility....................1

    B. Plaintiff mischaracterizes both the factual allegations in the complaint and the bases for HP's motion to dismiss.........................................................................3

    C. Plaintiff misstates the law on pleading direct infringement....................................4

    D. Plaintiff's reliance on the actions of other defendants is misplaced. ......................6

II. THE INDIRECT-INFRINGEMENT CLAIMS SHOULD BE DISMISSED .....................6

III. CONCLUSION..................................................................................................................7

i

## TABLE OF AUTHORITIES

**Cases**                                                                                                   **Page(s)**

*Chalumeau Power Sys. LLC v. Alcatel-Lucent*,
   No. 11-1175-RGA, 2012 WL 6968938 (D. Del. July 18, 2012) ..............................................6

*DermaFocus LLC v. Ulthera, Inc.*,
   201 F. Supp. 3d 465 (D. Del. 2016)..................................................................................4, 5

*Disc Disease Solutions Inc. v. VGH Solutions, Inc.*,
   888 F.3d 1256 (Fed. Cir. 2018)........................................................................................5, 6

*Groove Digital, Inc. v. Jam City, Inc.*,
   No. 1:18-cv-01331-RGA, 2019 WL 351254 (D. Del. Jan. 1, 2019) ...................................5, 6

*MONEC Holding AG v. Motorola Mobility, Inc.*,
   897 F. Supp. 2d 225 (D. Del. 2012)......................................................................................6

*Stratechuk v. Bd of Educ.*,
   200 F. App'x 91 (3d Cir. 2006) ............................................................................................2

*Trans Video Elecs., Ltd. v. Netflix, Inc.*,
   No. 12-1743-LPS, 2014 WL 900929 (D. Del. Mar. 4, 2014)..........................................2, 3, 4

**Federal Rules**

Fed. R. Civ. P. 8................................................................................................................................6

Fed. R. Civ. P. 12(b)(6)....................................................................................................................7

**I.      THE DIRECT-INFRINGEMENT CLAIMS SHOULD BE DISMISSED**

Plaintiff characterizes HP's motion as attempting to set the pleading bar at the level of preponderance of the evidence, rather than plausibility. Opp. Br. (D.I. 14) at 8-10. But that is not the case. As demonstrated in HP's opening briefing, the complaint does not clear the plausibility bar. Br. (D.I. 10).

Furthermore, Plaintiff attempts to use its opposition brief to bolster support for its direct-infringement allegations in four ways. First, Plaintiff relies on factual allegations not included in the complaint. Second, Plaintiff mischaracterizes the factual allegations that are actually present in the complaint. Third, Plaintiff misstates and misapplies the law. And fourth, Plaintiff relies on the irrelevant actions of other defendants.

    **A.      Plaintiff alleges facts in its opposition that are not mentioned in the complaint and then relies on the new facts as supposedly supporting plausibility.**

In several instances, Plaintiff alleges facts in its opposition brief that were not included in the complaint, without any indication that the complaint is silent as to them. For example, Plaintiff contends in its opposition that "UFS technology, which itself complies with a technical standard called M-PHY . . . is an embedded clock serial interface technology with ultra-high bandwidth capabilities, specifically developed for extreme performance and low power requirements of mobile applications." Opp. Br. (D.I. 14) at 1. This factual allegation appears nowhere in the complaint. Furthermore, Plaintiff cites third-party technical documentation in its opposition brief, also without clarifying that the cited documentation is nowhere referenced in the complaint. *Id*. at 1 n.1. Plaintiff then cites an "M-PHY" standard, again ignoring that nowhere in the complaint is there any such citation. *Id*. at 1 n.2.

Other new assertions in the opposition that are not present in the complaint include:

1

- "In this situation, the 'UFS host' is the product itself, such as the PC, including its processor, while the 'UFS device' is the internal non-volatile storage for the product." *Id*. at 4.

- "For internal physical layer communications between the product and its internal storage, MIPI M-PHY type 1 is used." *Id*.

- "In this case, M-PHY is used whenever an accused PC needs to communicate with its flash memory storage." *Id*.

After making the above three statements, Plaintiff implies that each is included in the complaint. Specifically, Plaintiff states in its opposition, "HP's Motion does not dispute [the three above supposed] facts and, in any event, the facts alleged in the Complaint must be accepted as true for purposes of HP's Motion." *Id*. Although acts alleged in the complaint generally must be accepted as true, new facts alleged in opposition to a motion to dismiss do not count. And yet Plaintiff appears to rely on these newly identified allegations to support its position that the complaint clears the plausibility hurdle: "The Complaint ***accordingly*** establishes that the Accused Products incorporate a storage format that incorporates a standard (M-PHY) under which the Accused Products meet every limitation of at least one claim of the Asserted Patents. ***These facts*** easily meet the *Twombly* and *Iqbal* standards for pleading direct infringement." *Id*. (emphasis added). Overall, these supposed facts should all be ignored because they are not included in the complaint and therefore do not have any bearing on evaluating the plausibility of Plaintiff's claims. *Trans Video Elecs., Ltd. v. Netflix, Inc.*, No. 12-1743-LPS, 2014 WL 900929, at *3 (D. Del. Mar. 4, 2014); *Stratechuk v. Bd of Educ.*, 200 F. App'x 91, 94 (3d Cir. 2006).

### B. Plaintiff mischaracterizes both the factual allegations in the complaint and the bases for HP's motion to dismiss.

Plaintiff also mischaracterizes the factual allegations in the complaint. For example, Plaintiff asserts in its opposition that the complaint "further alleges facts to show why the physical layer communications in the accused products, which follow the M-PHY standard, practice *each element of at least one claim*. . . ." Opp. Br. (D.I. 14) at 1 (emphasis added). But as demonstrated in HP's opening brief, each count of the complaint provides an incomplete summary and fails to address all of the claim limitations for any single claim. Br. (D.I. 10) at 12-15. Plaintiff essentially concedes that the complaint does not address "each element of at least one claim" when it contends in its opposition that "[d]espite HP's argument that SIT's Complaint ignores claim limitations (D.I. [10] at 2), courts in this District do not require that a plaintiff must match every claim element to the accused products to plead direct infringement." Opp. Br. (D.I. 14) at 3. And Plaintiff's insistence that the complaint actually addresses each element of a claim is belied by the attention it gives to the opposite notion, i.e., that plausibility does not require addressing each claim element of at least one claim. Opp. Br. (D.I. 14) at 10-12.

Plaintiff also misstates facts when it alleges in its opposition that the complaint "*explains in detail* how the Accused Products with UFS technology use the M-PHY protocol for physical layer communication between the UFS host and the UFS device." *Id*. at 7 (emphasis added) (citing Compl. (D.I. 1) ¶ 16); *see also id*. at 12 ("SIT has explained how operating pursuant to M-PHY results in UFS hosts and devices that contain signal transmitters that infringe the Asserted Patents"). The complaint provides no such detailed explanation. Plaintiff's assertion that it does is belied by, for example, the citation to a single paragraph in the complaint, which contains just one sentence and two undescribed diagrams pulled from a third-party document. *Id*. at 7 (citing Compl. (D.I. 1) ¶¶ 16-17); *see also* Compl. (D.I. 1 ¶¶ 31-32, 46-47).

3

Plaintiff also misstates the bases for HP's motion to dismiss. Throughout the opposition, Plaintiff contends that HP's motion to dismiss is based on a supposed requirement that the complaint must prove infringement rather than demonstrate plausibility. *Id*. at 3, 6, 9-11. But this simply is wrong. Throughout its opening brief, HP sets forth the plausibility pleading standard and contends that the complaint fails to meet it. Br. (D.I. 10) at 1-2, 6-7, 8-11, 15. Not once in its brief does HP argue that a different standard is being applied. The patent-claim language of each direct-infringement count is addressed in a single paragraph containing just four sentences for count I, two for count II, and three for count III. Compl. (D.I. 1) at ¶¶ 17, 32, 47. The complaint never even properly identifies what industry standard is being relied upon or where it can be found, let alone what version is supposedly applicable here. In short, the complaint comes nowhere close to providing a plausible "explanation of how the underlying technology in the Accused Products result in infringement of the Asserted Patents." *Cf.* Opp. Br. (D.I. 14) at 3.

C.    **Plaintiff misstates the law on pleading direct infringement.**

Plaintiff also misstates the law on which it purportedly relies. First, the opposition relies on *DermaFocus* as alleged support for the notion that the complaint can satisfy plausibility for direct infringement without addressing all claim limitations. Opp. Br. (D.I. 14) at 5-6, 10 (citing *DermaFocus LLC v. Ulthera, Inc.*, 201 F. Supp. 3d 465 (D. Del. 2016)). Plaintiff is wrong. First, *DermaFocus* addressed a situation where an accused infringer operated in secrecy and then argued that the complaint lacked plausible pleading as to secret portions of the accused instrumentality. *DermaFocus*, 201 F. Supp. 3d at 469. That is the opposite of this case, where infringement is purportedly alleged based entirely on a public industry standard.[1] Further, while

---

[1] Plaintiff further seems to contend that it need not meet the plausibility threshold because the Default Standard requires infringement contentions soon after discovery opens and that it needs

the *DermaFocus* court eschewed a mandate for "front-load[ing] the litigation process by requiring a detailed complaint in every instance," nowhere in its opinion did the court state that plausibility could be satisfied with the type of vague and incomplete allegations present in Plaintiff's complaint.

Plaintiff further purports to find support in *Groove Digital*, which actually supports dismissal here. Opp. Br. (D.I. 14) at 11 (citing *Groove Digital, Inc. v. Jam City, Inc.*, No. 1:18-cv-01331-RGA, 2019 WL 351254, at *3 (D. Del. Jan. 1, 2019)). In contrast to Plaintiff's complaint, the *Groove City* complaint:

> ***describe[d] the overall purpose of the invention*** and ***describe[d] the elements of the claims***, including the claimed use of push notifications to deliver browser-independent content to a networked device." In the infringement count specifically, Plaintiff identifies the Accused Products, identifies the asserted claims, and ***explains the basis of the infringement allegation***. Those allegations, when read with the rest of the Complaint, sufficiently ***describe how Defendant's Accused Products allegedly infringe*** the claims.

*Id.* (emphasis added) (internal citations omitted). The allegations in Plaintiff's complaint fall well short of this bar, neither describing nor explaining anything.

Finally, *Disc Disease* is inapposite. Opp. Br. (D.I. 14) at 3 (citing *Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018)).[2] Unlike this case, the technology underlying the *Disc Disease* complaint was "simple." *Disc Disease*, 888 F.3d at 1260. Therefore, the Federal Circuit found the complaint to be adequate because it included

---

"HP's core technical documents" to prepare infringement charts. Opp. Br. (D.I. 14) at 11. But this pivot makes no sense because the purported foundation of Plaintiff's complaint is that HP infringes through its alleged compliance with an industry standard; therefore, under Plaintiff's theory, HP's technical documents should be superfluous in the patent-claim analysis. If Plaintiff truly does require core technical documents to allege infringement, then all the more reason the complaint should be dismissed because it is currently based entirely on the notion that practicing some standard constitutes infringement no matter how the standard is implemented.

[2] Plaintiff fails to note that *Disc Disease* was appealed from the U.S. District Court for the Middle District of Georgia and therefore was decided under Eleventh Circuit, not Third Circuit, law. *Disc Disease*, 888 F.3d at 1259.

photographs of the accused braces and identification of the asserted patent claims. *Id*. Here, Plaintiff does not allege either in the complaint or in its opposition to HP's motion to dismiss that the technology in this case is so simple that identification of the product and asserted patent claims would give "fair notice of infringement of the asserted patents." *Id.*

        **D.**      **Plaintiff's reliance on the actions of other defendants is misplaced.**

Plaintiff argues plausibility by noting that other defendants faced with the same allegations have not moved to dismiss or have moved under different theories. Opp. Br. (D.I. 14) at 2, 10. But Plaintiff's feeling of security is based on faulty logic. Plaintiff assumes that the only reason a defendant declines to move to dismiss is because it thinks such a motion is unsound. Plaintiff ignores the reality that declining to move may just as likely be spurred by other reasons, including strategic and financial considerations or potential differences in the law between the various Circuits. In any event, nothing under Rule 8, *Iqbal*, *Twombly*, or any other law suggests that motion practice decisions by other litigants is a factor in determining the plausibility of Plaintiff's allegations directed at HP.

**II.**      **THE INDIRECT-INFRINGEMENT CLAIMS SHOULD BE DISMISSED**

As stated in HP's opening brief, because the direct-infringement allegations should be dismissed, all of the indirect-infringement allegations likewise should be dismissed. Plaintiff does not contend otherwise.

Additionally, courts in this District have held that an original complaint can satisfy the patent-knowledge requirement for pleading indirect infringement only for post-suit damages. *Groove Digital*, 2019 WL 351254, at *4. This is only true, however, when the complaint also provides sufficient notice of how the purported third-party infringers are infringing the patent. *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 234 (D. Del. 2012); *see Chalumeau Power Sys. LLC v. Alcatel-Lucent*, No. 11-1175-RGA, 2012 WL 6968938, at *1 (D.

6

Del. July 18, 2012). And in this regard, Plaintiff's complaint is deficient because it fails to provide sufficient notice.

Finally, Plaintiff contends that the complaint plausibly alleges specific intent and, in support, quotes the following passage from its complaint:

> Upon information and belief, HPI intends to cause, and has taken affirmative steps to induce, infringement by these third-party manufacturers, distributors, importers, and/or consumers by, inter alia, creating advertisements that promote the infringing use of the '593 Accused Products, creating established distribution channels for the '593 Accused Products into and within the United States, manufacturing the '593 Accused Products in conformity with U.S. laws and regulations, distributing or making available instructions or manuals for these products to purchasers and prospective buyers, and/or providing technical support, replacement parts, or services for these products to these purchasers in the United States. For example, HPI publishes an online user guide for the Envy x2 on its own website at the following web address: https://support.hp.com/sg-en/product/hp-envy-12-g000-x2-detachable-pc-series/17996601/manuals.

Opp. Br. (D.I. 14) at 13 (quoting Compl. (D.I. 1) at 15). But the complaint nowhere cites any "advertisements," "instructions," "manuals," "technical support," or "services" that say anything about the accused "UFS" functionality. The sole specific example it does provide is a webpage at https://support.hp.com/sg-en/product/hp-envy-12-g000-x2-detachable-pc-series/17996601/manuals. But this webpage lists numerous guides and documents, none of which contains any reference to "universal flash storage" or "UFS" on any HP computer. Plaintiff's generic reference to a website having numerous user guides and documents does not amount to plausible pleading of specific intent to cause third-party direct infringement.

### III.     CONCLUSION

The Court should dismiss the direct and indirect infringement claims under Rule 12(b)(6). The allegations lack minimum facts necessary to show that its claims are plausible on their face, fail to put HP on notice of any alleged patent infringement, and are therefore insufficient under *Twombly*.

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
|  | */s/ Jennifer Ying* |
|  | _____ |
|  | Jack B. Blumenfeld (#1014) |
| OF COUNSEL: | Jennifer Ying (#5550) |
|  | 1201 North Market Street |
| Daniel J. Goettle | P.O. Box 1347 |
| BAKER & HOSTETLER LLP | Wilmington, DE  19899 |
| 2929 Arch Street | (302) 658-9200 |
| Cira Centre, 12th Floor | jblumenfeld@mnat.com |
| Philadelphia, PA  19104 | jying@mnat.com |
| (215) 568-3100 |  |
|  | *Attorneys for Defendant HP Inc.* |
| Cory C. Davis |  |
| Theresa M. Weisenberger |  |
| BAKER & HOSTETLER LLP |  |
| 1170 Peachtree Street, Suite 2400 |  |
| Atlanta, GA  30309 |  |
| (404) 459-0050 |  |
|  |  |
| Jennifer M. Kurcz |  |
| BAKER & HOSTETLER LLP |  |
| 191 North Wacker Drive, Suite 3100 |  |
| Chicago, IL  60606 |  |
| (312) 416-6200 |  |
|  |  |
| April 25, 2019 |  |

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on April 25, 2019, upon the following in the manner indicated:

| | |
|---|---|
| Brian E. Farnan, Esquire<br>Michael J. Farnan, Esquire<br>FARNAN LLP<br>919 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Jeffrey R. Bragalone, Esquire<br>T. William Kennedy, Esquire<br>Brian P. Herrmann, Esquire<br>BRAGALONE CONROY PC<br>2200 Ross Avenue, Suite 4500W<br>Dallas, TX  75201<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Jennifer Ying*
_____
Jennifer Ying (#5550)