IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SUPERINTERCONNECT TECHNOLOGIES LLC<br><br>Plaintiff,<br><br>v.<br><br>HP INC.,<br><br>Defendant. | Civil Action No. 19-0169-CFC |

Brian Farnan, Michael Farnan, FARNAN LLP, Wilmington, Delaware; Jeffrey Bragalone, Jonathan Rastegar, T. William Kennedy, BRAGALONE CONROY P.C., Dallas, Texas

*Counsel for Plaintiff*

Jack Blumenfeld, Jennifer Ying, MORRIS, NICHOLS, ARSHT, & TUNNEL LLP, Wilmington, Delaware; Cory Davis, Theresa Weisenberger, BAKER & HOSTETLER LLP, Atlanta, Georgia; Daniel Goettle, BAKER & HOSTETLER LLP, Philadelphia, Pennsylvania; Jennifer Kurcz, BAKER & HOSTETLER LLP, Chicago, Illinois

*Counsel for Defendant*

**MEMORANDUM OPINION**

December 18, 2019
Wilmington, Delaware

_____
COLM F. CONNOLLY
UNITED STATES DISTRICT JUDGE

Super Interconnect Technologies LLC (SIT) has filed a three-count complaint against HP Inc. for patent infringement. D.I. 1. Before me is HP's motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). D.I. 9. For the reasons discussed below, I will grant HP's motion.

I.  **BACKGROUND**[1]

SIT alleges in its complaint that, "by, among other things, making, having made, using, offering for sale, selling, and/or importing electronic devices with Universal Flash Storage (UFS)," HP has and continues to directly infringe and induce infringement of three patents: U.S. Patent Nos. 7,627,044; 6,463,092; and 7,158,593. D.I. 1 ¶¶ 12, 27, 42.[2] SIT alleges in particular that the HP Envy x2 detachable personal computer incorporates UFS, id. ¶ 13, and directly infringes the

---

[1] When assessing the merits of a Rule 12(b)(6) motion to dismiss, I accept as true all factual allegations in the Complaint and view those facts in the light most favorable to the plaintiff. See *Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008).

[2] Although language in the Complaint suggested that SIT also accused HP of contributory infringement, see, e.g. D.I. 1 ¶¶ 12, 27, 42 (alleging that HP "indirectly infringe[s] (by inducing infringement and/or contributing to infringement)," SIT stated in its briefing that it "did not plead contributory infringement," D.I. 14 at 14.

asserted patents, *id.* ¶¶ 13, 28, 43. HP seeks to dismiss the Complaint in its entirety. D.I. 9 at 1.

## I. LEGAL STANDARDS FOR STATING A CLAIM

To state a claim on which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but the complaint must include more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The complaint must set forth enough facts, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).

## II. DISCUSSION

### A. Direct Infringement Claims

#### 1. Legal Standards

Liability for direct infringement arises when a party "without authority makes, uses, offers to sell, or sells any patented invention, within the United States

2

or imports into the United States any patented invention during the term of the patent." 35 U.S.C. § 271(a). To plead direct infringement, a plaintiff must allege facts "that plausibly indicate that the accused products contain each of the limitations found in the claim." *TMI Sols. LLC v. Bath & Body Works Direct, Inc.*, 2018 WL 4660370, at *9 (D. Del. Sept. 28, 2018) (citations omitted).

"The complaint must place the potential infringer on notice of what activity is being accused of infringement." *Nalco Co. v. Chem–Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (internal quotation marks, alterations, and citation omitted). To provide notice, a plaintiff must generally do more than assert that the accused product meets the claim elements; it must show *how* the defendant plausibly infringes by alleging some facts connecting the accused product to the claim elements. *See SIPCO, LLC v. Streetline, Inc.*, 230 F. Supp. 3d 351, 353 (D. Del. 2017) (granting a motion to dismiss a direct infringement claim because "[t]he complaint contains no attempt to connect anything in the patent claims to anything about any of the accused products").

### 2. Analysis

For each of the asserted patents, SIT's direct infringement allegations consist of: identifying an accused product, alleging that the accused product incorporates technology that complies with an industry standard, and asserting that that technology meets the elements of one identified claim. These allegations fall short

of the *Iqbal/Twombly* pleading standard because they fail to allege facts showing *how* the technology, the standard, or the accused product plausibly reads on the claim elements.

Each of the Complaint's three counts alleges infringement of a different asserted patent. D.I. 1 at 2, 7, 11. Each count identifies as an "example" of accused products HP's Envy x2. *Id.* ¶¶ 12, 27, 42. And each count includes (1) an image of the Envy x2, *id.* ¶¶ 14, 29, 44; (2) an image of an HP website showing that the Envy x2 incorporates Universal Flash Storage ("UFS") technology, *id.* ¶¶ 15, 30, 45; and (3) two images from a third-party White Paper showing that UFS technology uses the MIPI M-PHY protocol, an industry technical standard, *id.* ¶¶ 16, 31, 46. In paragraphs that follow the images, each count describes features of UFS devices and asserts that the accused products meet the elements of an identified claim of the asserted patent. *Id.* ¶¶ 17–18, 32–33, 47–48.

SIT makes no attempt in the Complaint to connect specific components of the MIPI M-PHY standard, the UFS technology, or the accused product to elements of the asserted claims. The images in the Complaint plausibly show only that the Envy x2 incorporates UFS technology and that UFS technology incorporates the MIPI M-PPHY standard. And the descriptive paragraphs allege only that UFS devices have certain characteristics and that they infringe the claims. The Complaint does not allege facts to support its allegation that UFS devices have

4

those characteristics. Nor does it explain how those characteristics connect to the asserted claims.[3]

Because SIT's complaint does not show how HP may infringe, it does not provide HP with fair notice of the basis for SIT's direct infringement claims. Accordingly, I will dismiss SIT's direct infringement claims.

## B. Induced Infringement Claims

"[I]nducement liability may arise if, but only if, there is direct infringement." *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 921 (2014) (internal quotation marks, alterations, and citation omitted). A plaintiff can thus prevail on claims of induced infringement only if it establishes direct infringement. Here, because SIT has not plausibly alleged that HP directly infringes the asserted patents, it cannot plausibly allege that HP induced others to infringe the patents. I will therefore dismiss the claims for induced infringement

---

[3] SIT cites *Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256 (Fed. Cir. 2018) in support of its limited pleadings. D.I. 14 at 3, 6. The Federal Circuit held in *Disc Disease* that in cases that "involve[ ] a simple technology" a complaint is "sufficient under the plausibility standard of *Iqbal/Twombly*" if it (1) names products accused of infringing the asserted patents, (2) includes photographs of the packaging of the accused products, and (3) alleges that the accused products meet every element of at least one claim of the asserted patents. 888 F.3d at 1260. The Federal Circuit reasoned that "[t]hese disclosures and allegations are enough to provide [a defendant] fair notice of infringement of the asserted patents." *Id.* In this case, the technology is far from simple, and the photographs and conclusory allegations in SIT's complaint's do not provide fair notice of SIT's infringement claims.

5

alleged in SIT's complaint.

## IV. CONCLUSION

For the foregoing reasons, I will grant HP's motion to dismiss SIT's complaint in its entirety.

The Court will enter an order consistent with this Memorandum Opinion.